UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SEWARD, #383589,

        Petitioner,

                                    Case Number 08-12691-BC
                                    Honorable Thomas L. Ludington

v.

BLAINE C. LAFLER,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL

On June 23, 2008, Petitioner Robert J. Seward filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Dkt. # 1]. Petitioner challenges his conviction, by guilty plea, for possession with intent to deliver 225 grams or more but less than 650 grams of cocaine under Mich. Comp. Laws § 333.7401(2)(a)(ii). He was sentenced to twenty to thirty years of imprisonment and is presently confined at Parnall Correctional Facility in Jackson, Michigan. Now before the Court is Petitioner's motion to appoint counsel [Dkt. # 3]. Petitioner presents four main arguments to support his request: (1) Petitioner is indigent; (2) the interests of justice require the appointment of counsel; (3) the factual and legal issues presented are complex; and (4) Petitioner lacks legal training and proper access to legal resources.

At this point, the interests of justice do not require appointment of counsel for Petitioner. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require.

*Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel.  *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required.  *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004).  If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary.  *Id.*

In the present case, Petitioner's claims are not likely to succeed even if the Court appointed counsel.  As an initial matter, it appears that the statute of limitations will bar the Court's review of the habeas petition.  Additionally, the sentencing claims raised by Petitioner do not appear to be cognizable.  Petitioner's argument to revisit the trial court's decision denying his motion for relief from judgment encompasses a state court ruling, which is not subject to habeas review absent a constitutional violation, which is not apparent in this case.  *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994) (citing *Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir. 1985)).  Finally, with respect to Petitioner's claims of ineffectiveness of trial and appellate counsel, it is unlikely that Petitioner will be able to meet the *Strickland v. Washington*, 466 U.S. 668 (1984), standard, which requires him to show that his attorneys' representation fell below an objective standard of reasonableness.  Given the tenuousness of Petitioner's claims, the appointment of counsel is not warranted at this time.

Furthermore, until the Court reviews the pleadings and the Rule 5 materials to be filed in this case, the Court is unable to determine whether an evidentiary hearing is necessary or required.

Thus, the Court will deny Petitioner's motion for appointment of counsel because the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). However, the Court will deny the motion without prejudice and is willing to reconsider the motion if, following review of the responsive pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

Accordingly, it is **ORDERED** that Petitioner's motion to appoint counsel [Dkt. # 3] is **DENIED WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 30, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

3