UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SEWARD,

       Petitioner,

v.                                              Case Number 08-12691-BC
                                                  Honorable Judge Thomas L. Ludington

BLAINE C. LAFLER,

       Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING HABEAS PETITION, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Robert Seward is presently confined at Parnell Correctional Facility in Coldwater, Michigan. He has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 16, 2001, Petitioner entered a guilty plea on a charge of possession with intent to deliver 225 grams or more but less than 650 grams of cocaine. *See* Mich. Comp. Laws § 333.7401(2)(a)(ii). In return for Petitioner's guilty plea, the prosecutor dismissed charges of possession with intent to deliver marijuana and possession with intent to deliver 50 to 225 grams of cocaine. The charges arose from a search of Petitioner's home pursuant to a search warrant. On December 11, 2001, the trial court sentenced Petitioner to twenty to thirty years' imprisonment.

Petitioner did not file a direct appeal. On January 18, 2006, just over four years after he was sentenced, Petitioner filed a motion for relief from judgment in the trial court, which was denied on November 29, 2006. Petitioner requested, but was denied leave to appeal the trial court's decision by the Michigan Court of Appeals and Michigan Supreme Court. *People v. Seward*, No. 280201 (Mich. Ct. App. Nov. 6, 2007); *People v. Seward*, 748 N.W.2d 807 (Mich. May 27, 2008).

Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Now before the Court is Petitioner's habeas petition, signed and dated June 18, 2008. Petitioner raises the following claims in his habeas petition: (1) he received a disproportionate sentence; (2) he received ineffective assistance of counsel at the plea and sentencing proceedings; (3) he received ineffective assistance of appellate counsel; and (4) he was subject to an improper trial court ruling on his motion for relief from judgment. Respondent has filed a motion for summary judgment [Dkt. # 8], asserting that Petitioner's claims are barred from substantive review by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner has not filed a response to Respondent's motion for summary judgment and the petition does not contain allegations that a state-created impediment or newly discovered facts prevented Petitioner from filing his petition sooner. Nor are there any assertions of actual innocence

or a new constitutional right. Additionally, Petitioner did not raise any defenses to a statute of limitations argument. Consequently, subsection (d)(1)(A) is the only relevant subsection.

Since Petitioner did not file a direct appeal, his time for seeking leave to appeal expired one year after the judgment of sentence was entered on December 11, 2001. *See* Mich. Ct. R. 7.205(F). Petitioner did not file an application for leave to appeal, therefore, his conviction became final under § 2244(d)(1)(A) on December 12, 2002. *See Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002). The statute of limitations began to run on the following day, and it expired one year later on December 12, 2003. Petitioner filed the petition now before the Court on June 18, 2008, approximately four and a half years later. Thus, the petition is untimely absent statutory or equitable tolling.

"[T]he one-year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending,' " but it does not restart the statute of limitations period after the limitations period has expired. *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007) (quoting 28 U.S.C. § 2244(d)(2)); *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). Such a post-judgment filing only pauses a clock that has not yet fully run. *Benoit v. Bock*, 237 F. Supp. 2d 804, 807 (E.D. Mich. 2003). Once the limitations period has expired, collateral petitions no longer serve to avoid the statute of limitations.

Based on the foregoing, the issue is whether Petitioner filed his motion for relief from judgment before the statutory period expired, effectively tolling the statute of limitations and making his habeas petition timely. Petitioner filed his post-conviction motion for relief from judgment on January 18, 2006. Since the limitations period expired on December 12, 2003, the post-conviction

motion had no affect on the limitations period; and the habeas petition is therefore time-barred. *See Hargrove*, 300 F.3d at 718 n.1.

Although Petitioner does not raise the issue of equitable tolling, the issue will be addressed. To determine if equitable tolling applies, the Court must consider and balance the factors set out in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir. 2001). The *Andrews* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim.

*Dunlap*, 250 F.3d at 1008. These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id*.; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). Equitable tolling should be granted only "sparingly." *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005) ("Equitable tolling is permissible under the [AEDPA], although rare."). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

The one-year statute of limitations may also be equitably tolled by a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Souter v. Jones*, 295 F.3d 577, 590, 599-600 (6th Cir. 2005) (quoting *Schlup*, 513 U.S. at 327).

Petitioner has not met the burden required to sustain a meritorious equitable tolling argument. He did not file a response to Respondent's motion for summary judgment, and his

-4-

petition does not address the untimeliness of his petition. Moreover, Petitioner has not presented any arguments that can be interpreted to justify the delayed filing of the petition. Therefore, equitable tolling is not appropriate here and cannot save the habeas petition from being time-barred.

Based on the above, the Court will deny the petition for writ of habeas corpus. The Court will also deny Petitioner a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether [or agree that] the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal citations and quotations omitted). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that Respondent's motion for summary judgment [Dkt. # 8] is **GRANTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus [Dkt. # 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 10, 2009

<div style="border:1px solid black; background:#ccc; padding:4px;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 10, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>